UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HEATHER SCHOENWALD, et al., | Case No. 2:20-CV-1948 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| UNUM GROUP, et al., | |
| Defendant(s). | |

Presently before the court is defendants' UNUM Group ("UNUM") and Colonial Life & Accident Insurance Company's ("Colonial Life") motion for summary judgment. (ECF No. 67). Plaintiff Tom Koch filed a response (ECF No. 68), to which defendants replied (ECF No. 72). For the reasons stated below, the court grants defendants' motion.

I.  **Background**

This case involves an employment termination dispute. (ECF No. 67). Plaintiff Tom Koch worked for Colonial Life, a subsidiary of UNUM, alongside co-plaintiff Heather Schoenwald. (*Id.*). Colonia Life terminated Koch after Koch reported allegations that his co-worker, Scott Webb, was sexually harassing Schoenwald. (*Id.*). Koch is alleging retaliation under Title VII. (ECF No. X).

Koch and Schoenwald reported allegations of Webb's sexual harassment in 2019. Defendants' Human Resources initiated an investigation pursuant to the company's nepotism policy against close personal relationships. (ECF No. 68; ECF No. 67, Ex. 4). Witnesses in the company corroborated the allegations and Colonial Life terminated Webb. (*Id.*).

In the course of the Webb investigation, the defendants also uncovered independent sexual harassment charges against Koch. (*Id.*). Witnesses reported Koch and Schoenwald

**James C. Mahan**
**U.S. District Judge**

participated in "inappropriate sexual behavior." (*Id.*). Defendants' terminated Koch thereafter under the same nepotism policy. (*Id.*).

Koch alleges defendants terminated him in retaliation for his complaint against Webb. (ECF No. 68). Koch contends he did not violate the company's nepotism policy because he and Schoenwald were friends outside the workplace. (*Id.*).

Koch and Schoenwald sued defendants and Webb for various claims, including discrimination and retaliation. (ECF No. 1). Webb was dismissed as a defendant upon his death (ECF No. 11) and the parties stipulated to dismiss Schoenwald as a plaintiff. (ECF No. 76). All that remains is Koch's single retaliation claim against defendants. Defendants filed the instant motion seeking summary judgment. (ECF No. 67).

**II.      Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet his initial burden, summary judgment must be denied, and the court

**James C. Mahan**
**U.S. District Judge**

need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies his initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

**III.   Discussion**

A plaintiff must assert a prima facie retaliation claim. *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000). Then, the burden shifts to the defendant to articulate a "legitimate nondiscriminatory reason for its decision." *Id.* If the defendant articulates a nondiscriminatory reason, then the plaintiff "bears the ultimate burden of demonstrating that the reason was merely a pretext." *Id.*

To establish a prima facie case of retaliation under Title VII, an employee must prove that (1) the employee engaged in a protected activity, (2) the employee suffered an adverse employment action, and (3) there was a causal link between the employee's protected activity and the adverse employment action. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034-35 (9th Cir. 2006).

Neither party disputes that plaintiff engaged in a protected activity when he reported Webb's misconduct, and that an adverse employment action was taken against him. (ECF No.

James C. Mahan
U.S. District Judge

68).  The sole dispute for the court to resolve is whether Koch was terminated as a result of his complaint against Webb.  (*Id.*).

Koch argues that because he was terminated after he reported his co-worker's misconduct, a causal link between the two events is presumed.  This argument is unavailing.  To establish the causal link, plaintiff must show that his protected activity was a "but-for" cause of the alleged adverse action by the employer.  *University of Tex. Sw. Med. Center v. Nassar*, 570 U.S. 338, 360 (2013).

Koch's only argument rests on the timing of his termination.  Although "causation *can* be inferred from timing alone," this does not apply to all cases.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (emphasis added).  The Ninth Circuit has cautioned against conducting a mechanical examination of the amount of time between a protected activity and adverse employment action.  *See Anthoine v. N. Cent. Counties Consortium*, 605 F.3d 740, 751 (9th Cir. 2010).

Although plaintiffs cite to numerous cases in which courts inferred a causal link from timing of an adverse action, the present case is distinguishable because defendants had an independent basis for Koch's termination: the corroborated evidence of his misconduct with Schoenwald.

Witnesses alleged Koch was inappropriate with Schoenwald.  (ECF No. 67).  Koch admitted to previously seeing Schoenwald make sexually suggestive gestures to him.  (ECF No. 67, Ex. A-14).  An employee reported seeing Koch and Schoenwald make these gestures on FaceTime.  (ECF No. 67, Ex. A-6 at 89:24-90:6).  In senior HR consultant Tiffany Harley's deposition, she stated she watched a video of plaintiff and Schoenwald dancing inappropriately where other company employees were present.  (ECF No. 67, Ex. 8).

Without evidence of a retaliatory motive, timing alone may not sufficiently demonstrate a causal link to support a retaliation claim.  *See Vasquez v. City of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2004).  Plaintiff confuses retaliatory motive with genuine independent grounds for termination.

**James C. Mahan**
**U.S. District Judge**

- 4 -

A reasonable jury could not conclude defendants terminated Koch based solely on his complaint against Webb when witnesses independently corroborated Koch's own misconduct. There being no genuine dispute of material fact concerning Koch's termination, the court finds summary judgment on Koch's Title VII retaliation claim appropriate.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants UNUM Group and Colonial Life & Accident Insurance Company's motion for summary judgment (ECF No. 67) be, and the same hereby is, GRANTED.

DATED September 25, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -