**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOM KOCH,<br><br>        Plaintiff<br><br>v.<br><br>UNUM GROUP, et al.,<br><br>        Defendants | Case No.: 2:20-cv-01948-APG-BNW<br><br>**Order (1) Sanctioning Defendants' Counsel, and (2) Rejecting Proposed Pretrial Orders**<br><br>[ECF Nos. 86, 91] |

On February 17, 2026, I ordered the defendants' counsel to show cause why sanctions should not be entered against counsel and their client for failing to meaningfully participate in preparation of a joint pretrial order. ECF No. 88.  As an alternative, I allowed the defendants' counsel to confer with the plaintiff's counsel and submit a joint pretrial order by March 4, 2026. *Id.*  I reminded counsel of that obligation on February 19. ECF No. 90.  On March 4, the defendants filed their own proposed pretrial order. ECF No. 91.  There is no mention in that document that the parties conferred.  That filing does not satisfy my order to show cause.  Nor does it correct the problem addressed in my order that Local Rule 16-3(b) requires counsel to "personally discuss settlement and prepare and file a proposed joint pretrial order."  Thus, I now sanction the defendants' counsel for ignoring my order to show cause.

The defendants' counsel will pay plaintiff Tom Koch the reasonable attorneys' fees and costs he incurred in preparing the plaintiff's proposed pretrial order (ECF No. 86), considering my prior order, and addressing this order.  Koch's counsel will provide the amount of those fees and costs to the defendants' counsel by March 23.  If the defendants' counsel does not pay that amount within 10 days, Koch may file a motion to recover his fees and costs.

I THEREFORE ORDER that the parties' separate proposed pretrial orders **(ECF Nos. 86, 91) are rejected.**

I FURTHER ORDER Koch's counsel to provide the amount of his fees and costs discussed above to the defendant's counsel by March 23, 2026.  If the defendants' counsel does not pay within 10 days, Koch may file a motion to recover the fees and costs.

I FURTHER (AGAIN) ORDER the parties to confer about a proposed joint pretrial order.  If either side does not meaningfully participate in that process, the other side may file its own proposed order, explaining the efforts taken to prepare a joint order.  Failure to meaningfully participate likely will lead to adoption of the other side's proposed order without any further input.  The joint or separate proposed pretrial order is due by March 30, 2026.

I also advise all parties to carefully review Local Rules 16-3 and 16-4.  It is apparent from both sides' proposed orders that they have listed as exhibits every document produced in this case (based upon the consecutive Bates numbers).  Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement.  The parties cannot simply wait to make trial decisions until the eve of trial.  Such tactics prevent full participation in settlement discussions and deprive the other side the ability to efficiently prepare for trial.  Rather, the parties must list in their proposed pretrial orders only those documents they reasonably believe they will actually use at trial.

DATED this 9th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2